UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KEVIN BACHHUBER, *individually and on behalf of all others similarly situated*,<br><br>  Plaintiff,<br><br>v.<br><br>SIENNA MARKETING & CONSULTING, INC. d/b/a CREATIVE CAPITAL SOLUTIONS,<br><br>  Defendant. | )<br>)<br>)  Civil Action No.: 25-cv-10<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## UNOPPOSED MOTION FOR ENTRY OF AGREED CONFIDENTIALITY ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Sienna Marketing & Consulting, Inc. ("Sienna" or "Defendant"), by its undersigned attorneys, hereby moves this Court for entry of the proposed Agreed Confidentiality Order, attached hereto as **Exhibit 1**. In support thereof, Sienna states as follows:

1. The parties are currently engaged in discovery in connection with the above-captioned litigation and believe entry of a protective order is prudent and necessary to prevent public disclosure of non-public, sensitive, and confidential information.

2. Accordingly, the parties have negotiated the terms of, and prepared for the Court's consideration, the proposed Agreed Confidentiality Order.

3. Under Rule 26(c), this Court may issue a protective order upon a showing of "good cause" to "protect litigants and third parties from the 'annoyance, embarrassment, oppression, or undue burden or expense,' that may attend the discovery process." *Bond v. Utreras*, 585 F.3d 1061, 1067 (7th Cir. 2009). The term "good cause … generally signifies a sound basis or legitimate need to take judicial action," *Hobley v. Burge*, 225 F.R.D. 221, 224 (N.D. Ill. 2004), and "is established

154298879

when the privacy interests of the movant outweigh the public interest in disclosure of information." *King v. Riley*, No. 13-cv-7609, 2014 WL 4167847, at *2 (N.D. Ill. Aug. 21, 2014); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999).

4. "Protective orders are often entered by stipulation when discovery commences." *Bond*, 585 F.3d at 1067. "The [C]ourt need not make a finding of good cause on a document-by-document basis." *Am. Nat'l Bank & Trust Co. v. AXA Client Solutions, LLC*, No. 00-C-6786, 2002 WL 1067696, at *6 (N.D. Ill. May 24, 2002) (citing *Citizens*, 178 F.3d at 946). "A threshold finding of good cause is sufficient provided that the protective order covers properly demarcated categories of confidential information, makes explicit that either party can object to the other party's designation of documents as confidential, and the court is satisfied that the parties are acting in good faith in designating information as confidential." Id.

5. The Agreed Confidentiality Order identifies four categories of confidential information. *See* Ex. 1 ¶1. Confidential treatment for trade secrets/confidential business information and/or information received in confidence by third parties is necessary because the public disclosure of such information, routinely held to be the appropriate subjects of protective orders, may cause substantial financial loss as well as annoyance and embarrassment. *See, e.g., Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1031 (7th Cir. 1996) ("Disclosure of tax returns is highly restricted"). *Cf. FIC v. Andersen*, No. 03 C 1174, 2007 WL 9747763, at *4 (N.D. Ill. Feb. 1, 2007) (allowing parties to file under seal "sensitive personal financial information that has no bearing on the merits of the . . . dispute."). Confidential treatment is necessary for "information prohibited from disclosure by statute" because such statutory requirements indicate types of information that, as matters of public policy, are generally barred from public disclosure. Confidential treatment for personal identity information is necessary because public disclosure of

such information is of minimal public utility and creates a substantial risk of embarrassment to or harassment of the individuals whose information is disclosed.

6. The proposed Agreed Confidentiality Order is narrowly tailored, as required by Seventh Circuit law, *see Citizens*, 178 F.3d at 945, and is limited to demarcated categories of information that include sensitive personal and financial information entitled to protection from disclosure, including under Rule 26(c)(1)(G); and information protected by statute.

7. Plaintiff has agreed to the entry of the Agreed Confidentiality Order and does not oppose this motion.

Dated: June 12, 2025

**BLANK ROME LLP**

By: */s/ Scott M. Kaplan*
Scott M. Kaplan (#1120595)
(Scott.Kaplan@blankrome.com)
444 W. Lake Street, Suite 1650
Chicago, IL 60606
(312) 776-2600

Jeffrey N. Rosenthal
(Jeffrey.Rosenthal@blankrome.com)
*Pro hac vice* forthcoming
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
(215) 569-5553

***Attorneys for Defendant,***
***Sienna Marketing & Consulting, Inc.***