# EXHIBIT 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KEVIN BACHHUBER, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>SIENNA MARKETING & CONSULTING, INC. d/b/a CREATIVE CAPITAL SOLUTIONS,<br><br>Defendant. | Civil Action No.: 25-cv-10 |

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is **ORDERED** as follows:

1. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Discovery Confidentiality Order ("Order") any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, pricing, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which is protected from disclosure by State or Federal Law. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential"). Such marking shall be made at the time of production and, to the extent possible, be on every page of the marked documents, on the opposite corner of that document's bates number.

1

2. Any party to this litigation and any third party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only"). Such marking shall be made at the time of production and, to the extent possible, be on every page of the marked documents, on the opposite corner of that document's bates number.

3. All Confidential and/or Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4 and Paragraph 6 respectively, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential and/or Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Confidential material and/or Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by order of the Court.

154031209v.1

4. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

    a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

    b. Outside experts or consultants retained by outside counsel for purposes of this action, provided: (a) they are not employed by, consulting for, or otherwise professionally affiliated with either of the parties; and (b) they have signed a non-disclosure agreement in the form attached hereto as <u>Exhibit A</u> and the signed non-disclosure agreement, along with the expert's CV, has been disclosed to opposing parties three (3) business days in advance and there has been no objection;

    c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    d. The Court and court personnel;

    e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, or if the producing party consents to such disclosure;

    f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided they have signed a non-disclosure agreement in the form attached hereto as <u>Exhibit A</u>; and

      g.      The parties. As it applies to Defendant Sienna Marketing & Consulting, Inc. ("Sienna Marketing") "party" shall mean those officers, directors, employees, or other individuals of Sienna Marketing deemed necessary to aid counsel in the defense of this action. As it applies to Plaintiff Kevin Bachhuber ("Bachhuber"), "party" shall mean Kevin Bachhuber only and not any other member of the proposed or certified class.

    5.      Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

    6.      Attorneys' Eyes Only material and the contents of Attorneys' Eyes Only material may be disclosed only to the following individuals under the following conditions:

      a.      Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

      b.      Outside experts or consultants retained by outside counsel for purposes of this action, provided: (a) they are not employed by, consulting for, or otherwise professionally affiliated with the parties; and (b) they have signed a non-disclosure agreement in the form attached hereto as <u>Exhibit A</u> and the signed non-disclosure agreement, along with the expert's CV, has been disclosed to opposing parties three (3) business days in advance and there has been no objection;

      c.      Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

      d.      The Court and court personnel;

      e.      Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, or if the producing party consents to such disclosure;

      f.      Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided they have signed a non-disclosure agreement in the form attached hereto as <u>Exhibit A</u>; and

      g.      Such other persons as counsel for the producing party agrees in advance or as ordered by the Court.

7.      With respect to any objections under Paragraphs 4(b) or 6(b), the objecting party shall state the grounds for objection with specificity. Counsel for the party proposing the expert shall respond in writing within fourteen (14) days, and shall state with particularity the grounds for asserting that the proposed expert be shown a document or information that is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged expert will not be permitted to be shown any documents or information that are Confidential or Attorneys' Eyes Only. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

8.  With respect to any depositions that involve a disclosure of Confidential or Attorneys' Eyes Only material of a party to this action, such party shall have until ten (10) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the parties. Counsel for the parties agree to meet and confer in advance of depositions to determine whether Confidential or Attorneys' Eyes Only information is likely to be marked as an exhibit or explored in testimony. If Confidential or Attorneys' Eyes only information will be used during the deposition, anyone not permitted to receive that information under Paragraphs 4 or 6, as applicable, must be excused from the deposition.

No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 6 above and the deponent during these ten (10) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 6 above during said ten (10) days. During these ten (10) days, deposition transcripts are to be considered and treated as Attorneys' Eyes Only until such other designation may be made. Upon being informed that certain portions of a deposition are to be designated as Confidential or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3, 4, and 6.

9.  Material produced as Attorneys' Eyes Only shall be used by the receiving party solely for purposes of the prosecution or defense of this action, and shall not be used for any business, commercial, competitive, personal or other purpose.

10. If counsel for a party receiving documents or information designated as Confidential and/or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection with specificity. Counsel for the designating party or third party shall respond in writing to such objection within fourteen (14) days, and shall state with particularity the grounds for asserting that the document or information is Confidential or for Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    b. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the party challenging the designation shall present the dispute to the Court by motion, in accordance with the Court's Policies and Procedures, for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

11. Any filing including Confidential or Attorneys' Eyes Only material shall be filed under seal, accompanied by a separately-filed, unsealed version.

12. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

13. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Order. The receiving party must then substitute the corrected, designated document for all versions of its document bearing the identified bates number.

14. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim. Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of

privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

15. Information that may be in the public domain or which is already known by the receiving party through proper means or which is or became available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall still be deemed and considered to be Confidential or Attorneys Eyes' Only material if marked as such under this Order. From the point in time of the producing party's marking of such document or information, the document or information must be treated in accordance with the terms of this Order.

16. This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order shall not deprive any party of its right to seek additional protections for more sensitive categories of information and shall not be construed as an admission that the protections provided in the Order are sufficient for all categories of information. This Order shall not be construed as an admission by a party that any category of information is relevant or subject to production. This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

17. This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of the parties filed with the Court.

18. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source

9

all originals and unmarked copies of documents and things containing Confidential material or Attorneys' Eyes Only material and to destroy, should such source so request, all copies of Confidential material or Attorneys' Eyes Only material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material or Attorneys' Eyes Only material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Order. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

19. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential or Attorneys' Eyes Only material so long as that work product does not duplicate verbatim substantial portions of Confidential or Attorneys' Eyes Only material.

20. This Court is not bound by the terms of the agreement and may alter them sua sponte.

AGREED:                                                    Dated: June 12, 2025

*/s/ Scott M. Kaplan*                                      */s/ Anthony I. Paronich*
Scott M. Kaplan (#1120595)                                 Anthony I. Paronich
(scott.Kaplan@BlankRome.com)                               Paronich Law, P.C.
BLANK ROME LLP                                             350 Lincoln Street, Suite 2400
444 W. Lake St., Suite 1650                                Hingham, MA 02043
Chicago, IL 60606                                          Tel: (617) 485-0018
(312) 776-2598                                             Fax: (508) 318-8100
                                                           Anthony@ParonichLaw.com

154031209v.1

| | |
|---|---|
| Jeffrey N. Rosenthal<br>(Jeffrey.Rosenthal@BlankRome.com)<br>*Pro hac vice* forthcoming<br>BLANK ROME LLP<br>One Logan Square<br>Philadelphia, PA 19103<br>(215) 569-5553 | Alex Phillips<br>STRAUSS BORRELLI PLLC<br>980 N. Michigan Ave., Suite 1610<br>Chicago, IL 60611<br>Telephone: 87-263-1100<br>Fax: 872-263-1109<br>APhillips@StraussBorrelli.com |

*Attorneys for Defendant*
*Sienna Marketing & Consulting, Inc.*


**SO ORDERED**.

ENTERED THIS _____ day of _____, 2025

                                                **BY THE COURT**:

                                                _____
                                                Judge

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| KEVIN BACHHUBER, *individually and on behalf of all others similarly situated*,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SIENNA MARKETING & CONSULTING, INC. d/b/a CREATIVE CAPITAL SOLUTIONS,<br><br>　　　　　　Defendant. | )<br>)<br>)　Civil Action No.: 25-cv-10<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ACKNOWLEDGEMENT**
**AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of Wisconsin in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential or Attorneys' Eyes Only in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential or Attorneys' Eyes Only information to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

[SIGNATURE ON FOLLOWING PAGE]

154031209v.1

13

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

_____

Date: _____    _____
                                                                        Signature